Clapp v. Rogers.

---

WELLINGTON CLAPP and another *v.* PLATT ROGERS and others.

Any actual reposing of confidence in the subsistence of the copartnership, as a basis of the delivery of property or money to them, without requiring cotemporaneous payment or satisfaction, is a dealing upon the faith of the joint liability.

Accordingly, where two bills of goods were successively sold to a firm, the terms of sale being, as expressed on the bills rendered, for cash, but the goods being delivered without requiring payment, and the same being not in fact paid for till some months after each sale respectively; it was *held*, that the vendors were *dealers with the firm*, so as to be entitled to actual notice of the dissolution thereof; and such

notice not having been given to them, all the members of the firm are liable for goods sold to some of the partners, who continue the business, in the name of the firm, after the dissolution.

If one party gives, and the other takes, time for payment, the dealing becomes, in fact, a transaction upon credit, whether, by the original agreement, the one party was bound to give the credit or not.

APPEAL by the defendants, from a judgment for $1,583 95, entered upon the verdict of a jury, under the direction of a single judge, at special term. The facts appear fully in the opinion.

*N. Dane Ellingwood*, for the defendants.

*Augustus F. Smith*, for the plaintiffs.

BY THE COURT. WOODRUFF, J.—This action was brought to recover from the defendants the balance claimed to be due for several bills of goods sold by the plaintiff to the firm of " Rogers & Company."

The only defence which it is material to notice on this appeal, upon which the defendants relied, was that the defendant, Platt Rogers, had withdrawn from the firm before the sale of any of the goods which were not paid for before the dissolution; and, public notice of the dissolution having been given through the newspaper, it was claimed that he was not liable.

It was conceded that, previous to January 1st, 1849, the firm of Rogers & Co. was composed of Platt Rogers, Hiram Y. Rogers and Thomas P. Rogers, and was continued by H. Y. & T. P. Rogers, under the same firm name of Rogers & Co., after Platt Rogers had withdrawn.

Taking the facts material to this appeal, as stated by witnesses most favorably for the defendants, they may be summed up briefly as follows:

On the 13th of November, 1847, the firm of Rogers & Co. purchased from the plaintiffs a bill of goods amounting to $11 03; no term of credit was agreed upon, and one of the witnesses says distinctly, that it was a purchase *for cash*. Rogers & Co. did not, however, pay for the goods, nor does it

appear that they were in any manner required to make payment. The bill was suffered by the plaintiffs to remain unpaid for six months, when, on the 18th of May, 1848, Rogers & Co. paid the amount to the plaintiffs.

On the 20th of May, 1848, Rogers & Co. purchased other goods from the plaintiffs on the same terms, *i. e.*, for cash, or at least without any agreed term of credit, amounting to $20 40. This bill in like manner was suffered to remain unpaid *for seven months*, *i. e.*, until the 19th of December, 1848, when it was paid.

On the 1st of January thereafter, Platt Rogers retired from the defendants' firm.

Subsequently, goods to a considerable amount were purchased by Rogers & Co., the amount of which, or a balance thereof, constituted the recovery below, and it appeared that upon the bills of the sale of these goods, or some of them, a term of credit (3 months) was distinctly marked in writing.

The judge who presided on the trial charged the jury, that although a mere purchase of goods by the defendants from the plaintiffs *for cash*, and payment therefor at the time of the purchase, would not constitute the plaintiffs dealers, so as to entitle them to actual notice of the dissolution and of the retirement of Platt Rogers from the firm, yet, that " if the plaintiffs sold goods to Rogers & Co. before the dissolution, and delivered the goods to them to be paid for afterwards, although no term of credit was fixed, and the defendants did not in fact pay for them for some months afterwards, such a transaction made the plaintiffs dealers, so as to entitle them to notice of the retirement of Platt Rogers."

To this, exception was taken by the defendants' counsel, and upon the correctness of the charge in this particular, the only question raised on the argument of this appeal depends.

All questions of fact, *we presume*, were properly submitted to the jury, and they rendered a verdict for the plaintiffs for the whole balance remaining unpaid.

It is insisted by the counsel for the defendants, that when a sale is made for cash, or where no credit is stipulated, (which he insists is, in effect a sale for cash,) the dealing between the

parties is general and not special, whether the money is in fact *paid* on the delivery of the goods or not. In other words, that to constitute a *dealing* entitling a party to *actual notice* of dissolution, there must have been an actual agreement at the time of the sale to give credit to the firm. I do not find that the case cited by the defendants' counsel, (*Vernon* v. *The Manhattan Co.* 17 Wend. 526, and S. C. in Error, 22 Wend. 183, 4,) warrants any such proposition. And the language of the elementary writers falls far short of sustaining it, if it does not import the contrary.

Collyer on Partnership, pp. 485 and 533, says, "As to all persons who have been *in the habit* of dealing with the firm, it is requisite that actual notice be brought home to them."

Story on Partnership, § 161, repeats this proposition, and in § 160, he says, "that the liability of all the partners continues as to all persons who have previously *dealt with* the firm, and have no notice of the retirement of the parties."

In respect to the meaning of the word, *dealing* or *dealt with*, in the sense which requires actual notice, the definition given by Chancellor Walworth in the case referred to, (22 Wend. 190–1,) seems to me just and appropriate, viz.: "It is used to convey the idea that the person who is entitled to actual notice of the dissolution, must be one who has had business relations with the firm, by which a credit is raised upon the faith of the copartnership," and cites 2 Bell's Com. 640. Senator Verplanck, p. 194, goes much further, and states, "that the retiring partner should give personal and special notice to every one who had before received personal and special notice, either by words or acts, (meaning no doubt the words or acts of the firm,) of his actual responsibility and interest in the copartnership;" and (p. 195) he makes the giving and receiving of credit conclusive of the right to actual notice.

But, in the present case, there was an actual credit given and received. To make such a credit, it is not material that there should have been a previous agreement for credit. The *right* in the plaintiffs to call for *instant payment*, does not, I think, affect the question. The delay to exercise that right, is itself a giving of credit, and the taking of time for payment

is an adoption of the credit, and this delay is presumed to be on the faith of the copartnership. If one gives and the other takes time for payment, the dealing becomes a transaction upon credit, in fact, whether the one was by the original agreement bound to give the time or not.

The question is stated by Senator Wager, in the case referred to, to be, Was there ever a confidence and credit *given* to the firm arising from actual intercourse and dealing as is ordinarily understood by these terms?

I cannot doubt that the sale and delivery of these goods, and the giving time of payment, in fact, constituted an "actual dealing" in every just sense. Any actual reposing of confidence in the subsistence of the copartnership, as a basis of the delivery of property or money to them, without requiring cotemporaneous payment or satisfaction, is a dealing upon the faith of the joint liability.

The question was not, did the plaintiffs agree to give the firm a credit of six or seven months? but did they do so?

In this view, I think the charge of the judge was clearly right, and that the judgment should therefore be affirmed.

Judgment affirmed.